UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. _____

ROBERTO DANIEL SOSA, and other similarly situated individuals,

    Plaintiff(s),

v.

JABA PRO STONE CORP. d/b/a Jaba Pro f/k/a Jaba Professional Services Corp. f/k/a Jaba Pro LLC, JOSE BUSTAMANTE and VALERIE G. BUSTAMANTE,

    Defendants.

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, ROBERTO DANIEL SOSA ("Plaintiff") and other similarly situated individuals, sue the Defendants, JABA PRO STONE CORP. d/b/a Jaba Pro f/k/a Jaba Professional Services Corp. f/k/a Jaba Pro LLC and JOSE BUSTAMANTE and VALERIE G. BUSTAMANTE (collectively the "Defendants"), and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This is also an action for unpaid wages under Florida law.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). The Court has supplemental jurisdiction over Florida common law for the recovery of unpaid wages. The facts regarding



www.saenzanderson.com

1

Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

**VENUE**

3. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. JABA PRO STONE CORP. d/b/a Jaba Pro f/k/a Jaba Professional Services Corp. f/k/a Jaba Pro LLC (individually the "Corporate Defendant"), JOSE BUSTAMANTE and VALERIE G. BUSTAMANTE (the "Individual Defendants"), are a Florida company and Florida residents, respectively, having their main place of business in Broward County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

**COUNT I: WAGE AND HOUR VIOLATION BY
JABA PRO STONE CORP (OVERTIME)**

5. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."



www.saenzanderson.com

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

8. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a construction company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a construction worker for the Corporate Defendant's business.


www.saenzanderson.com

9. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 50-60 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a construction worker performing the same or similar duties as that of those other similarly situated construction workers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

10. Plaintiff worked for the Corporate Defendant from approximately October 3, 2016 to July 13, 2020. In total, Plaintiff worked approximately 152 compensable weeks under the Act, or 152 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

11. The Corporate Defendant paid Plaintiff on average approximately $18.50 per hour. Plaintiff had raises from $15.00 per hour to $18.50 per hour over the years.

12. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

13. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

14. In addition, while Plaintiff was employed by the Corporate Defendant, the Corporate Defendant unlawfully retained two full weeks' worth of Plaintiff's duly earned wages.

15. Corporate Defendant purportedly retained Plaintiff's duly earned wages in an effort to offset moneys that Plaintiff *may* owe to the Corporate Defendant at the time of termination.

16. Plaintiff does not owe any moneys to the Corporate Defendant.

17. In addition, Corporate Defendant unlawfully deducted the amount of approximately $1,446.46 from Plaintiff's wages because the Plaintiff had allegedly done a bad job.



www.saenzanderson.com

18.     Actions by the Corporate Defendant which are used to offset Plaintiff's minimum or overtime wages are illegal.

19.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   a. **Actual Damages: $28,120.00**

       i.     Calculation: $18.50 (hourly pay) x .5 (overtime rate) x 20 (approximate number of overtime hours) x 152 (compensable weeks) = $28,120.00

   b. **Liquidated Damages: $28,120.00**

   c. **Total Damages: $56,240.00, plus Plaintiff's two full weeks of wages, plus $1,446.46 of illegally retained wages,** plus reasonable attorneys' fees and costs of suit.

20.     At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

21.     The Corporate Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those



similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

22. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

23. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### COUNT II: WAGE AND HOUR VIOLATION BY



www.saenzanderson.com

## JOSE BUSTAMANTE and VALERIE G. BUSTAMANTE (OVERTIME)

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

25. At the times mentioned, the Individual Defendants were, and are now, the Owners and/or Officers of the Corporate Defendant. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

26. The Individual Defendants are and were, at all times relevant, persons in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

27. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

28. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:



www.saenzanderson.com

A. Enter judgment for Plaintiff and other similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

**COUNT III:
UNPAID WAGES UNDER FLORIDA
COMMON LAW AND FLA. STAT. SEC. 448.08**

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 above as if set out in full herein.

30. The Corporate Defendant employed Plaintiff from approximately October 3, 2016 to July 13, 2020.

31. While Plaintiff was employed by the Corporate Defendant, the Corporate Defendant unlawfully retained two full weeks' worth of Plaintiff's duly earned wages.

32. Corporate Defendant purportedly retained Plaintiff's duly earned wages in an effort to offset moneys that Plaintiff *may* owe to the Corporate Defendant at the time of termination.

33. Plaintiff does not owe any moneys to the Corporate Defendant.

34. In addition, Corporate Defendant unlawfully deducted the amount of approximately $1,446.46 from Plaintiff's wages because the Plaintiff had allegedly done a bad job.



www.saenzanderson.com

8

35. Actions by the Corporate Defendant which are used to offset Plaintiff's minimum or overtime wages are illegal.

36. When Corporate Defendant employed Plaintiff, Plaintiff's last salary rate was $18.50 per hour. Plaintiff received salary increases from $15.00 to $18.50 per hour over the years.

37. Corporate Defendant employed Plaintiff as a construction worker.

38. All the hours worked by Plaintiff were worked within the State of Florida.

39. Corporate Defendant has not paid Plaintiff approximately $2,926.46 in duly earned wages.

40. Corporate Defendant owes these unpaid wages to Plaintiff.

41. As a result of Corporate Defendant's unlawful actions, Plaintiff has been damaged.

42. Corporate Defendant owes Plaintiff his wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should the Plaintiff prevail on this claim.

43. Plaintiff has retained undersigned counsel to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiff, respectfully requests this Court grant the following relief:

A. An award to Plaintiff for actual damages in the amount shown to be due for unpaid wages, with interest;

B. Costs of this action, together with reasonable attorneys' fees;

C. Such other and further relief as this Court deems equitable and just.

Dated: August 21, 2020.                                Respectfully submitted,



www.saenzanderson.com

**By: /s/ Tanesha Blye**
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com

Aron Smukler, Esquire
Fla. Bar No.: 0297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*



www.saenzanderson.com

10